# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HD SUPPLY HOLDINGS, INC., JOSEPH J. DEANGELO, and EVAN J. LEVITT,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:17-CV-02587-ELR |
| OBIOMA EBISIKE, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HD SUPPLY HOLDINGS, INC., JOSEPH J. DEANGELO, and EVAN J. LEVITT,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:17-CV-02984-ELR |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE SOUTH FLORIDA PENSION FUNDS TO CONSOLIDATE THE RELATED ACTIONS**

The City Pension Fund for Firefighters & Police Officers in the City of Miami Beach, Pembroke Pines Pension Fund for Firefighters and Police Officers, and Hollywood Police Officers' Retirement System (collectively, the "South Florida Pension Funds") respectfully submit this memorandum of law in support of their motion for consolidation of the above-captioned related actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.[1]

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, courts have "broad discretion" to consolidate actions that "involve a common question of law or fact." *See Newman v. Eagle Building Technologies*, 209 F.R.D. 499, 501-02 (S.D. Fl. 2002) (citing *Hargett v. Valley Fed'l Savings Bank*, 60 F.3d 754, 765 (11th Cir. 1995)). The consolidation of shareholder class actions in particular "is recognized as benefitting the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time

---

[1] On September 11, 2017, the South Florida Pension Funds filed a motion for appointment as lead plaintiff. *City of Hollywood Police Officers' Retirement System v. HD Supply Holdings, Inc.,* ECF No. 24 (N.D. Ga.). The HD Supply Investor Group filed the only competing motion. *Id*., ECF No. 25. The two movants suffered the following approximate losses: (1) South Florida Pension Funds - $1.92 million; and (2) HD Supply Investor Group - $221,000. As such, the South Florida Pension Funds possess the largest financial interest in the outcome of this litigation.

1

and money by all persons concerned." *Id.* (citing *In re Olsten Corp. Sec. Lit.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998)).

Presently pending in this District are two Related Actions brought on behalf of all persons or entities who purchased shares of the publicly traded securities of HD Supply Holdings, Inc. ("HD Supply") between November 9, 2016 and June 5, 2017 (the "Class Period").

| Case | Civil No. | Date Filed |
|---|---|---|
| *City of Hollywood Police Officers' Retirement System v. HD Supply Holdings, Inc., et al.* | 17-cv-02587 | 07/11/2017 |
| *Obioma Ebisike v. HD Supply Holdings, Inc., et al.* | 17-cv-02984 | 08/08/2017 |

These actions present virtually identical factual and legal issues because they allege claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), name the same defendants, and arise out of the same alleged misconduct. Moreover, the Related Actions assert the same Class Period. Accordingly, consolidation is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure. *See e.g., Newman*, 209 F.R.D. at 501-02 (consolidating securities fraud class actions that presented "virtually identical claims for relief based upon a single course of conduct during the Class Period"); *In re Lucent*

*Techs. Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 482 (D.N.J. 2001) (consolidating eighteen securities class action lawsuits alleging company issued materially false and misleading statements).

WHEREFORE, the South Florida Pension Funds respectfully request that the Court: (1) consolidate the Related Actions; and (2) grant such other relief as the Court may deem just and proper.

Dated:  September 13, 2017           Respectfully Submitted,

**LINDSEY & LACY, PC**
*/s/ W. Thomas Lacy*
W. Thomas Lacy
Georgia Bar No. 431032
2002 Commerce Dr. N. Suite 300
Peachtree City, GA 30269
Telephone: (770) 486-8445
Facsimile: (770) 486-8889
tlacy@llptc.com

*Local Counsel for Proposed Lead Plaintiff the South Florida Pension Funds*

**SAXENA WHITE P.A.**
Maya Saxena
Joseph E. White, III
Lester R. Hooker
5200 Town Center Circle
Suite 601
Boca Raton, FL 33486
Telephone: (561) 394-3399
Facsimile:  (561) 394-3382
msaxena@saxenawhite.com

jwhite@saxenawhite.com
lhooker@saxenawhite.com

-and-

Steven B. Singer
4 West Red Oak Lane, Suite 312
White Plains, New York 10604
Telephone: (914) 437-8551
Facsimile:  (888) 631-3611
ssinger@saxenawhite.com

***Counsel for Proposed Lead Plaintiff
the South Florida Pension Funds***

## **LOCAL RULE 7.1(D) CERTIFICATION**

The undersigned counsel hereby certifies that the text of this submission has been prepared in Times New Roman typeface, 14 point, consistent with this Court's requirements in Local Rule 5.1(C).

>*/s/ W. Thomas Lacy*
>W. Thomas Lacy
>Georgia Bar No. 431032
>Lindsey & Lacy, PC
>2002 Commerce Dr. N. Suite 300
>Peachtree City, GA 30269
>Telephone: (770) 486-8445
>Facsimile: (770) 486-8889
>tlacy@llptc.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on September 13, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 13, 2017.

*/s/ W. Thomas Lacy*
W. Thomas Lacy
