# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HD SUPPLY HOLDINGS, INC., JOSEPH J. DEANGELO, and EVAN J. LEVITT,<br><br>Defendants. | CIVIL ACTION NO.<br>1:17-CV-02587-ELR |
| OBIOMA EBISIKE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HD SUPPLY HOLDINGS, INC., JOSEPH J. DEANGELO, and EVAN J. LEVITT,<br><br>Defendants. | CIVIL ACTION NO.<br>1:17-CV-02984-ELR |

**DEFENDANTS' CONSOLIDATED RESPONSE TO THE SOUTH FLORIDA PENSION FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF COUNSEL AND MOTION TO CONSOLIDATE THE RELATED ACTIONS**

Defendants HD Supply Holdings, Inc. ("HD Supply"), Joseph J. DeAngelo, and Evan J. Levitt (collectively, "Defendants") submit this consolidated response to the South Florida Pension Funds'[1] Motion for Appointment as Lead Plaintiff and Approval of their Selection of Counsel (*City of Hollywood* Dkt. # 24) and Motion to Consolidate the Related Actions (*City of Hollywood* Dkt. # 27).[2]

As shown herein, Defendants support consolidation of the above-captioned actions and take no position at this time as to who should be appointed lead plaintiff, but reserve their rights under Federal Rule of Civil Procedure 23 to oppose class certification on any and all grounds, including the suitability of any appointed lead plaintiff and/or its chosen counsel to represent the proposed class at the appropriate stage of this case.

## I.   Defendants Support Consolidation Of The Above-Captioned Actions.

Defendants deny the allegations of wrongdoing in the complaints filed in the above-captioned actions and the lead plaintiff motions.  In fact, Defendants have

---

[1] The "South Florida Pension Funds" are the City Pension Fund for Firefighters & Police Officers in the City of Miami Beach, Pembroke Pines Pension Fund for Firefighters and Police Officers, and Hollywood Police Officers' Retirement System. *See City of Hollywood* Dkt. # 24 at 1.

[2] On September 18, 2017, the "HD Supply Investor Group"—the Local 272 Labor-Management Pension Fund and the Fire and Police Pension Fund, San Antonio—filed a Notice of Withdrawal of its Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead and Liaison Counsel.  *See City of Hollywood* Dkt. #s 28 & 25; *Ebisike* Dkt. #s 16 & 14.

already moved for dismissal of the complaints for failure to state a claim for relief. *See City of Hollywood* Dkt. # 29; *Ebisike* Dkt. # 17. Defendants agree, however, that the allegations in the two complaints are substantially similar. Each complaint alleges similar theories of recovery arising from substantially the same alleged facts and circumstances. The cases present numerous common questions of law and fact. As a result, Defendants agree that consolidation of these cases is appropriate under Federal Rule of Civil Procedure 42(a). *See, e.g., Newman v. Eagle Building Techs.*, 209 F.R.D. 499, 501-502 (S.D. Fla. 2002) (consolidating securities class actions which presented "virtually identical claims for relief based upon a single course of conduct").[3]

## II. The PSLRA Imposes a Statutory Deadline of October 9, 2017 for the Court to Appoint a Lead Plaintiff.

Pursuant to the Private Securities Litigation Reform Act of 1995 (the

---

[3] Although consolidation of the above-captioned actions is appropriate under Rule 42(a), these actions are not suitable for consolidation with the two derivative lawsuits recently filed in this Court by alleged shareholders of HD Supply, captioned: *Zhou v. DeAngelo, et al.*, No. 1:17-cv-02977-ELR (N.D. Ga.), and *Calderaro v. DeAngelo, et al.*, No. 1:17-cv-02983-ELR (N.D. Ga.), respectively. Shareholder derivative actions and securities fraud class actions do not involve common questions of law and fact for purposes of consolidation, despite some overlap in parties, subject matter, or issues. *See, e.g., Molever v. Levenson*, 539 F.2d 996, 1003 (4th Cir. 1976) (holding that consolidation of a securities action, a derivative action, and a defamation action did not comport with the aim of Rule 42(a) and the effects of the consolidation were "severely harmful and so serious as to require vacation of the verdicts and reversal of the judgments in this segment of the litigation").

2

"PSLRA"), the "court shall consider" motions made by purported class members for lead plaintiff appointment, and "shall appoint" the lead plaintiff no later than 90 days after publication of notice of the suit. 15 U.S.C. § 78u-4(a)(3)(B)(i). Because publication of notice of this suit occurred on July 11, 2017, *see*, *e.g.*, *City of Hollywood* Dkt. # 24-3, the statutory deadline for appointing Lead Plaintiff in this action is therefore October 9, 2017. 15 U.S.C. § 78u-4(a)(3)(B)(i).

### III. Defendants Take No Position Regarding Who Should Be Appointed Lead Plaintiff, But Reserve Their Rights.

In light of the HD Supply Investor Group's withdrawal of its motion for appointment as lead plaintiff (*City of Hollywood* Dkt. # 28; *Ebisike* Dkt. # 16), the only remaining movants seeking appointment as lead plaintiffs are the members of the South Florida Pension Funds. At this time, Defendants take no position concerning whether the South Florida Pension Funds should be appointed as lead plaintiffs and whether their selection of counsel should be approved, as Defendants have not had the opportunity to develop the record regarding the qualifications and suitability of these proposed lead plaintiffs or their preferred counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iv). However, Defendants expressly reserve their rights under Federal Rule of Civil Procedure 23 to develop a record and oppose any future motion for class certification on any and all grounds, including, without limitation, that the claims of the appointed lead plaintiff(s) and defenses to which

3

such plaintiff(s) may be subject are not typical of the class, and that the appointed lead plaintiff(s) and/or selected counsel will not fairly and adequately protect the interests of the class. *See*, *e.g.*, *City Pension Fund for Firefighters & Police Officers in the City of Miami Beach v. Aracruz Cellulose S.A.*, No. 08-23317-CIV, 2009 WL 10664427, at *3 (S.D. Fla. Aug. 7, 2009) ("Th[e] [lead plaintiff/counsel] inquiry is not as 'searching as the one triggered by a motion for class certification…'") (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)).

    Respectfully submitted this 21st day of September, 2017.

*s/ M. Robert Thornton*
M. Robert Thornton
Georgia Bar No. 710475
Benjamin Lee
Georgia Bar No. 443082
James Matthew Brigman
Georgia Bar No. 254905
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, Georgia  30309-3521
Tel: (404) 572-4600
Fax: (404) 572-5100
bthornton@kslaw.com
blee@kslaw.com
mbrigman@kslaw.com

*Counsel for Defendants HD Supply Holdings, Inc., Joseph J. DeAngelo, and Evan J. Levitt*

4

## **RULE 7.1(D) CERTIFICATION**

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

*s/ M. Robert Thornton*
M. Robert Thornton
Georgia Bar No. 710475

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of September, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to counsel of record.

*s/ M. Robert Thornton*
M. Robert Thornton
Georgia Bar No. 710475
