### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| IN RE HD SUPPLY HOLDINGS, INC. SECURITIES LITIGATION | CONSOLIDATED CASE NO. 1:17-CV-02587-ELR |

## <u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>

This Stipulation and Agreement of Settlement, dated as of January 30, 2020 (the "Stipulation")[1], is entered into by and between (a) Lead Plaintiffs City Pension Fund for Firefighters & Police Officers in the City of Miami Beach, Pembroke Pines Pension Fund for Firefighters and Police Officers, and Hollywood Police Officers' Retirement System (collectively, "Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Settlement Class; and (b) defendants HD Supply Holdings, Inc. ("HD Supply" or the "Company"), Joseph J. DeAngelo, and Evan J. Levitt (together, the "Individual Defendants" and, together with HD Supply, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned Action.  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended fully, finally, and

---

[1] All terms with initial capitalization not otherwise defined in this introductory section or in ¶¶2 through 60 shall have the meanings ascribed to them in ¶1 herein.

forever to compromise, settle, release, discharge, resolve, and dismiss with prejudice the Action and all of the Released Claims (as defined below).

WHEREAS:

A.     On July 10, 2017, Plaintiff Hollywood Police Officers' Retirement System filed a class action complaint in the United States District Court for the Northern District of Georgia, styled *City of Hollywood Police Officers' Retirement System. v. HD Supply Holdings, Inc., et al.*, Case No. 1:17-CV-02587-ELR.  Dkt. No. 1.

B.     On October 19, 2017, the Court entered (i) a Consolidation and Early Case Scheduling Order that, among other things, re-captioned the action as *In re HD Supply Holdings, Inc. Securities Litigation* (Dkt. No. 33) and (ii) an order appointing the Plaintiffs as Lead Plaintiffs, and appointing Saxena White P.A. as Lead Counsel for the proposed class and Lindsey & Lacy, PC as Local Counsel for the proposed class (Dkt. No. 34).

C.     On November 16, 2017, Lead Plaintiffs filed their Consolidated Amended Class Action Complaint (Dkt. No. 37) (the "Complaint"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.  Among other things, the Complaint alleges that HD Supply and the Individual Defendants violated the

Exchange Act by making false and misleading statements regarding the condition of the Company's supply chain and the status of its recovery from a severe disruption.   The Complaint alleges that, as a result of these alleged misrepresentations and omissions, the price of HD Supply's common stock was artificially inflated during the Settlement Class Period.

D.   On December 21, 2017, Defendants moved to dismiss the Complaint for failure to state a claim.  Dkt. No. 43.  Among other things, Defendants argued that Lead Plaintiffs failed to adequately plead:  (i) the existence of any materially misleading statement or omission; (ii) a strong inference of scienter; and (iii) loss causation. On February 1, 2018, Lead Plaintiffs opposed Defendants' motion to dismiss.  Dkt. No. 48.  On February 22, 2018, Defendants filed their reply in further support of their motion to dismiss.  Dkt. No. 50.

E.   On September 19, 2018, the Court issued an Order granting in part and denying in part Defendants' motion to dismiss.  Dkt. No. 53.

F.   On November 5, 2018, Defendants filed their answer to the Complaint.  Dkt. No. 54.

G.   The Court entered a Scheduling Order on December 6, 2018, which set forth deadlines, *inter alia*, for Lead Plaintiffs' class certification motion, substantial completion of document production, completion of fact discovery, and

motions for summary judgment.  Dkt. No. 59.

H.     From December 2018 through October 2019, counsel for Plaintiffs and Defendants engaged in extensive fact discovery.  *Inter alia*, Plaintiffs served three separate sets of document requests on Defendants, subpoenaed documents from six non-parties (including certain of HD Supply's supply chain consultants and logistics providers, and Defendant DeAngelo's stock brokerage and investment manager).  Lead Plaintiffs reviewed more than 52,000 documents produced by Defendants and more than 6,000 documents produced by third parties, comprising a total of approximately 265,000 pages reviewed.  Lead Plaintiffs also produced more than 2,000 documents to Defendants.

I.     On March 1, 2019, Plaintiffs filed and served their motion for class certification, together with the expert report of Dr. Michael Hartzmark opining on market efficiency.  Dkt. No. 72. On June 17, 2019, after deposing Plaintiffs' market efficiency expert as well as all three Lead Plaintiffs and their investment manager, Defendants filed their opposition to class certification (Dkt. No. 78), together with the expert report of Dr. David I. Tabak, Ph.D.  On June 21, 2019, Defendants separately filed a motion to exclude a portion of the opinion of Dr. Hartzmark.  Dkt. No. 79.  On August 2, 2019, Plaintiffs filed their combined brief in further support of class certification and in opposition to Defendants' motion to

exclude.  Dkt. No. 85.

J.       While the Parties were actively pursuing fact discovery, the Parties

agreed to participate in a private mediation.  The Parties selected Jed. D. Melnick,

Esq. of JAMS to serve as mediator.  In advance of the mediation, the Parties

submitted and exchanged detailed mediation statements and exhibits, which

addressed, among other things, issues related to liability, loss causation, and

damages.  The Parties and Defendants' directors' and officers' liability insurance

carriers participated in a full-day, in-person mediation session at the JAMS Office

in New York, N.Y. on September 10, 2019.  The session ended without an

agreement to settle.  Following that mediation, however, the Parties agreed to a

second mediation session, which took place on October 22, 2019, again submitting

papers in support of their respective positions.  Following the second mediation, on

November 1, 2019, the parties reached an agreement in principle, upon the

mediator's proposal, to settle and release all claims asserted against the Defendants

in the Action in return for a cash payment of $50,000,000 (which is covered by

Defendants' directors' and officers' liability insurance) for the benefit of the

Settlement Class, subject to certain terms and conditions, including the execution

of a customary settlement stipulation and Court approval.

K.       This Stipulation (together with the exhibits hereto and the

Supplemental Agreement) reflects the final and binding agreement among the Parties.

L.      Based upon their investigation, prosecution, and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action, pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

M.      This Stipulation and the Settlement constitute a compromise of all matters that are in dispute among the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation and Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to (i) any claim or allegation of any fault, liability, wrongdoing, or damage

whatsoever, or (ii) any infirmity in the defenses that the Defendants have, or could have, asserted. The Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.   Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, prosecuted, and settled by Plaintiffs in good faith and defended by Defendants in good faith in compliance with Rule 11 of the Federal Rules of Civil Procedure, and that the Action is being voluntarily settled with the advice of counsel.  Moreover, Lead Counsel submit that the terms of the Settlement are fair, adequate, and reasonable.

NOW THEREFORE, without any admission or concession of any liability, wrongdoing, or lack of merit, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys, and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from

the Settlement, all Released Plaintiffs' Claims as against the Defendant Releasees and all Released Defendants' Claims as against the Plaintiff Releasees shall be settled, released, and dismissed with prejudice, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:[2]

(a)      "Action" means the consolidated securities class action in the matter styled *In re HD Supply Holdings, Inc. Securities Litigation*, Case No. 1:17-CV-02587-ELR (N.D. Ga.), and includes all actions consolidated therein.

(b)      "Alternate Judgment" means a form of final judgment that may be entered by the Court in the Action, but in a form other than the form of Judgment provided for in this Stipulation.

(c)      "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Claim Form to the Claims Administrator that satisfies all the requirements set forth in the Claim Form in accordance with the requirements established by the Court, or whose Claim Form is otherwise

---

[2] For ease of reference, certain capitalized terms are defined elsewhere in this Stipulation, but shall nonetheless be treated as having been defined in this ¶1.

approved by the Court for payment from the Net Settlement Fund.

(d)    "Claim" means a Claim Form submitted to the Claims Administrator.

(e)    "Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund, subject to entry of a plan of allocation and a Class Distribution Order that has become Final.

(f)    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(g)    "Claims Administrator" means the firm retained by Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i)    "Company" means HD Supply.

(j) "Court" means the United States District Court for the Northern District of Georgia.

(k) "Defendants" means, collectively, HD Supply and the Individual Defendants.

(l) "Defendants' Counsel" means the law firm of King & Spalding LLP.

(m) "Defendant Releasees" means Defendants and their respective current, former, and future parents, affiliates, subsidiaries, and divisions and their respective current, former, and future employees, members, principals, Officers, directors, controlling shareholders, partnerships, partners, trustees, trusts, attorneys, advisors, accountants, auditors, and insurers (including the Defendants' director and officer liability insurance carriers) and reinsurers of each of them; and the successors, predecessors, estates, Immediate Family, heirs, executors, assigns, assignees, administrators, agents, and legal or personal representatives of each of them, in their capacities as such.

(n) "Effective Date" means the first date by which all of the events and conditions specified in ¶32 of this Stipulation have been met and have occurred, or have been waived.

(o) "Escrow Account" means an account maintained at IberiaBank

10

wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel, acting as agent for Plaintiffs and the Settlement Class, and shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned pursuant to the terms of this Stipulation or further order of the Court.

(p)   "Escrow Agent" means IberiaBank, which shall be responsible for overseeing, investing, safeguarding, and distributing the Settlement Fund held in the Escrow Account, pursuant to the terms of this Stipulation and any orders entered by the Court, acting as agent for Plaintiffs and the Settlement Class, and subject to the jurisdiction of the Court.

(q)   "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account, consistent with the provisions of this Stipulation.

(r)   "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise; or (b)

the later of (A) the date the judgment or order is finally affirmed on an appeal; (B) the expiration of the time to file a petition for a writ of certiorari or other form of review; (C) the denial of a writ of certiorari or other form of review; or (D) if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified) shall not in any way delay or preclude a judgment from becoming Final.

(t)     "HD Supply" means HD Supply Holdings, Inc.

(u)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)     "Individual Defendants" means Joseph J. DeAngelo and Evan J. Levitt.

(w)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court upon approval of the

Settlement.

(x)    "Lead Counsel" means the law firm Saxena White P.A.

(y)    "Lead Plaintiffs" means, collectively, City Pension Fund for Firefighters & Police Officers in the City of Miami Beach, Pembroke Pines Pension Fund for Firefighters and Police Officers, and Hollywood Police Officers' Retirement System.

(z)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(aa)   "Local Counsel" means the law firm Lindsey & Lacy, P.C.

(bb)   "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(cc)   "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as

Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

(dd)   "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ee)   "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(ff)   "Opt-out Deadline" means the last date by which the Claims Administrator must receive a request for exclusion to be considered timely as set forth in the Notice, unless otherwise ordered by the Court.

(gg)   "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(hh)   "Plaintiffs" has the same meaning as Lead Plaintiffs.

(ii)   "Plaintiff Releasees" means Plaintiffs, their respective attorneys, and all other Settlement Class Members, and their respective current and former Officers, directors, insurers, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their

14

capacities as such.

(jj)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(kk)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(ll)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(mm) "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(nn)    "Released Defendants' Claims" means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, statutory, common, or foreign law, or any other rule or regulation, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include:  (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any person or entity who or which submits a request for exclusion from the

Settlement Class that is accepted by the Court; or (iii) any claims by HD Supply or any of its current, former, or future directors, officers, or employees under their insurance policies.

(oo)   "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, statutory, common, or foreign law, or any other rule or regulation, that Plaintiffs or any other member of the Settlement Class:  (i) asserted in the Action; or (ii)  could have asserted in any forum, that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (A) the allegations, transactions, facts, matters or occurrences, events, disclosures, representations, statements, omissions, acts or alleged failures to act that were involved, set forth, or referred to in the Action or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment and that arise out of or relate to the purchase, sale, acquisition, or retention of HD Supply common stock during the Class Period; or (B) Defendants' and/or their attorneys' defense or settlement of the Action and/or the claims alleged therein. Released Plaintiffs' Claims do not include:  (i) any claims relating to the enforcement of the Settlement, (ii) any claims asserted in the consolidated shareholder derivative action filed in the United States District Court for the

Northern District of Georgia, entitled *In re HD Supply Holdings, Inc. Derivative Litigation*, Case No. 1:17-cv-02977-MLB (N.D. Ga.), including any cases consolidated with or into that shareholder derivative action; (iii) any claims asserted in the shareholder derivative action filed in the Delaware Court of Chancery entitled *Hendren v. HD Supply Holdings, Inc*., C.A. No. 2018-0643-AGB (Del. Ch.); (iv) any putative derivative claims asserted in the stockholder litigation demands pursuant to Del. Ch. Ct. Rule 23.1 *et seq* set forth in the December 4, 2018 letter from Michael C. Hilton, M.D. to HD Supply's Board of Directors and/or the October 16, 2018 letter from Kevin Ortenzio to HD Supply's Board of Directors; or (v) any claims of any person or entity who or which submitted a request for exclusion from the Settlement Class that was accepted by the Court.

(pp)   "Releasee(s)" means each and any of the Defendant Releasees and each and any of the Plaintiff Releasees.

(qq)   "Releases" means the releases set forth in ¶¶5-6 of this Stipulation.

(rr)   "Settlement" means the settlement among Plaintiffs, on behalf of themselves and the Settlement Class, and each of the Defendants on the terms and conditions set forth in this Stipulation.

17

(ss) "Settlement Amount" means fifty million dollars ($50,000,000).

(tt) "Settlement Class" means all persons and entities who or which purchased or otherwise acquired HD Supply common stock during the period from November 9, 2016 through June 5, 2017, inclusive, and who were damaged thereby. Excluded from the Settlement Class are (1) Defendants; (2) members of the Immediate Family of each Individual Defendant; (3) any person who was an Officer or director of HD Supply during the Settlement Class Period; (4) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (5) any person who participated in the wrongdoing alleged; (6) any affiliates, parents, or subsidiaries of HD Supply during the Settlement Class Period; and (7) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(uu) "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(vv) "Settlement Class Period" means the period between November

9, 2016 and June 5, 2017, inclusive.

(ww)  "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(xx)   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(yy)   "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(zz)   "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(aaa)  "Unknown Claims" means any Released Plaintiffs' Claims that any Plaintiff or any other Settlement Class Member or Plaintiff Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims and any Released Defendants' Claims that any Defendant or any other Defendant Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge that they may hereafter discover facts in addition to or

different from those which they or their counsel now know or believe to be true

with respect to the subject matter of the Released Claims, but the Parties hereby

expressly settle and release, and each Settlement Class Member, upon the Effective

Date, shall be deemed to have, and by operation of the Judgment shall have, fully,

finally, and forever settled and release any and all Released Claims, known or

unknown, suspected or unsuspected, contingent or non-contingent, whether or not

concealed or hidden, which now exist, or heretofore have existed, upon any theory

of law or equity now existing or coming into existence in the future, including, but

not limited to, conduct which is negligent, intentional, with or without malice, or a

breach of any duty, law, or rule, without regard to the subsequent discovery or

existence of such different or additional facts.   Plaintiffs and Defendants

acknowledge, and each of the other Settlement Class Members and Releasees shall

be deemed by operation of law to have acknowledged, that the foregoing waiver

was separately bargained for and a key element of the Settlement.

## CERTIFICATION OF THE SETTLEMENT CLASS

2.     Solely for purposes of the Settlement and for no other purpose, the

Parties stipulate and agree to:  (a) certification of the Action as a class action

pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on

behalf of the Settlement Class; (b) certification of Plaintiffs as class

representatives for the Settlement Class; and (c) appointment of Lead Counsel and Local Counsel as class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, authorization to provide notice of the Settlement to the Settlement Class and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall not be opposed by Defendants. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of:  (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.      Upon the Effective Date, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and

assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Lead Plaintiff or Settlement Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim Form to the Claims Administrator) any distribution from the Net Settlement Fund: (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, and discharged each and all of the Released Plaintiffs' Claims (including Unknown Claims) against each and all of the Defendant Releasees, and shall have covenanted not to sue any of the Defendant Releasees with respect to any of the Released Plaintiffs' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment or Alternate Judgment entered pursuant hereto; and (b) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Plaintiffs' Claims (including any Unknown Claims) against any of the Defendant Releasees in the Action or in any other action or proceeding, in any state, federal, or foreign court of law or equity, arbitration

tribunal, administrative forum, or other forum of any kind.   The foregoing provisions shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

6.     Upon the Effective Date, Defendants, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly, (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, and discharged each and all of the Released Defendants' Claims against each and all of Lead Plaintiffs and the other Plaintiff Releasees, and shall have covenanted not to sue any of the Plaintiff Releasees with respect to any of the Released Defendants' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment or Alternate Judgment entered pursuant hereto; and (b) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Defendants' Claims

(including any Unknown Claims) against any of the Plaintiff Releasees in the Action or in any other action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.     Notwithstanding ¶¶5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.     In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendant Releasees, Defendants shall cause the Settlement Amount to be deposited into the Escrow Account no later than thirty (30) calendar days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt by electronic mail from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including check/wire transfer payment instructions that include the bank name and ABA routing number, account name, and number, and a signed W-9 reflecting a valid taxpayer identification number for

the Escrow Account where the funds are to be deposited.  Other than the obligation

to pay or cause to be paid the Settlement Amount into the Escrow Account as

described in this paragraph, Defendants and their Released Persons shall have no

obligation to make any other payment pursuant to this Stipulation, and shall have

no responsibility, obligation, or liability with respect to the Escrow Account or the

monies maintained in the Escrow Account or the administration of the Settlement,

including, without limitation, any responsibility or liability related to any fees,

Taxes, investment decisions, maintenance, supervision or distribution of any

portion of the Settlement Fund.

### USE OF SETTLEMENT FUND

9.    Subject to the terms and conditions of this Stipulation and the

Settlement, the Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice

and Administration Costs; (c) any Litigation Expenses awarded by the Court; and

(d) any attorneys' fees awarded by the Court.  The balance remaining in the

Settlement Fund, that is, the Net Settlement Fund, shall be distributed to

Authorized Claimants as provided in ¶¶18-30 below, or as otherwise ordered by

the Court.

10.    Except as provided herein or pursuant to orders of the Court, the Net

Settlement Fund shall remain in the Escrow Account prior to the Effective Date.

All funds held by the Escrow Agent shall be deemed to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

11.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or

causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Lead Counsel shall make reasonable efforts to ensure that the Settlement Fund at all times complies with applicable provisions of the Internal Revenue Code and treasury regulations in order to maintain its treatment as a Qualified Settlement Fund.  The Defendants and the other Defendant Releasees shall have no liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.    All Taxes shall be paid out of the Settlement Fund, and shall be timely

paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Defendants and the other Defendant Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel, the Claims Administrator, the Escrow Agent, or their agents with respect to the payment of Taxes, as described herein.

13.    The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendant Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay up to $300,000 from the Settlement Fund,

without further approval from Defendants or further order of the Court, Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendant Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## **ATTORNEYS' FEES AND LITIGATION EXPENSES**

15.    Lead Counsel will apply to the Court for an award of attorneys' fees to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation

Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

16.   Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and

adequacy of the Settlement set forth in the Stipulation. Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses. Any order or proceeding relating to any fee or expense application, or any appeal from any order relating thereto or reversal or modification hereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action set forth therein.

17.    Other than the payment of the Settlement Amount, Defendants and the other Defendant Releasees shall have no responsibility or liability whatsoever with respect to the payment, allocation, or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses shall be payable solely from the Settlement Fund in the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.    As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than HD Supply's obligation to

provide its shareholder lists as provided in ¶19 below, none of the Defendants nor any other of the Defendant Releasees shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, HD Supply shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator)

shareholder lists (consisting of names and addresses) of the holders of HD Supply common stock during the Settlement Class Period reasonably available to HD Supply and its transfer agent, which information the Claims Administrator and Lead Counsel shall treat as confidential.

20.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

21.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Defendant Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other of the

Defendant Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.     Any Settlement Class Member who does not submit a valid Claim Form by the deadline set by the Court (unless and to the extent the deadline is extended by the Court) will not be entitled to receive any distribution from the Net Settlement Fund, but will, nevertheless, upon the occurrence of the Effective Date, be bound by all of the terms of this Stipulation and Settlement (including the terms of the Judgment or the Alternate Judgment, if applicable) to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendant Releasees with respect to the Released Plaintiffs' Claims.

23.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.   No Defendant, or any other of the Defendant Releasees, shall be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.   Lead Counsel shall have the

right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

24.    The Net Settlement Fund shall be distributed to Authorized Claimants only after the later of the Effective Date; the Court having approved a plan of allocation in an order that has become Final; and the Court issuing a Class Distribution Order that has become Final.

25.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless extended by the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net

Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment (or Alternate Judgment, if applicable), and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendant Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to

remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court, on reasonable notice to Defendants' Counsel.

26.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's

status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

27.   Lead Counsel will apply to the Court, on reasonable notice to Defendants' Counsel, for a Class Distribution Order:  (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.   Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment (or Alternate Judgment, if applicable) to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendant Releasees with respect to any and all of the Released Plaintiffs' Claims.

29.   No Claimant or Settlement Class Member shall have any claim against Plaintiffs, Lead Counsel, Local Counsel, Defendants, Defendants' Counsel, any Parties' damages experts, the Claims Administrator (or any other agent designated by Lead Counsel), or any of the other Defendant Releasees based on any investments, costs, expenses, administration activities, allocations, calculations, payments, the withholding of taxes (including interest and penalties) owed by the Settlement Fund (or any losses incurred in connection therewith), or distributions that are made substantially in accordance with this Stipulation and the Settlement, the plan of allocation approved by the Court, or further orders of the Court.

30.   All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

31.   If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a

Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

32.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶8 above;

(c)    the time for Defendants to exercise their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶36 below) has expired or otherwise been waived;

(d)    the time for Plaintiffs to exercise their option to terminate the Settlement pursuant to the provisions of this Stipulation has expired or otherwise been waived; and

(e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment

has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

33.    Upon the occurrence of all of the events referenced in ¶32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.    If (i) any of the Defendants exercise his, her, or its right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)    Plaintiffs and Defendants shall revert to their respective positions in the Action as of October 31, 2019;

(c)    The terms and provisions of this Stipulation, with the exception of this ¶34 and ¶¶14, 16, 35, 37, 58, and 59 shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other

proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶16 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to Defendants' director and officer liability insurance carriers which funded portions of the Settlement Amount (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶16 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants' director and officer liability insurance carriers which funded portions of the Settlement Amount (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶16 above.

35.    It is further stipulated and agreed that Plaintiffs, provided they unanimously agree, and HD Supply, acting on behalf of the Defendants, shall each

have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Eleventh Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Eleventh Circuit or the United States Supreme Court. In the event of such termination of the Settlement, the provisions of ¶34 above shall apply.  However, any decision or proceeding, whether in the Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.    In addition to the grounds set forth in ¶35 above, HD Supply, acting on behalf of the Defendants, shall have the unilateral right to terminate the

Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in HD Supply's confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement as set forth in subparagraphs (a)-(c) below.

(a)   All persons and entities who are entitled to be Settlement Class Members ("Potential Settlement Class Members") shall have the right to exclude themselves, or opt-out, from the Settlement Class.  Such Potential Settlement Class Members who wish to elect to opt-out must submit a request for exclusion that satisfies the requirements set forth in the Notice to the Claims Administrator by the Opt-out Deadline.  All Potential Settlement Class Members who validly opt-out shall be excluded from any and all rights and obligations under the Settlement, but those who do not opt-out in the manner and time prescribed in this Stipulation shall be deemed to be members of the Settlement Class regardless of whether such person or entity timely files a Claim, unless otherwise ordered by the Court.

(b)   The Claims Administrator shall provide to Defendants' Counsel and Lead Counsel copies of all exclusion requests within three (3) business days of receipt and in no event later than fifteen (15) calendar days prior to the Settlement Hearing.

45

(c)     The Supplemental Agreement sets forth certain conditions under which this Settlement may be terminated by HD Supply, acting on behalf of the Defendants.  The Supplemental Agreement shall not be filed with the Court unless a dispute arises with respect to its terms or application.  In such event, the Parties shall request that the Supplemental Agreement be filed under seal.  The Opt-out Threshold (defined in the Supplemental Agreement) may be disclosed to the Court for purposes of the approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-out Threshold as confidential.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, the provisions of ¶34 above shall apply.

## NO ADMISSION OF WRONGDOING

37.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Judgment (or any Alternate Judgment), the Supplemental Agreement, the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

46

(a)     shall be:  (i) offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to (A) the truth of any fact alleged by Plaintiffs, (B) the validity of any claim that was or could have been asserted, (C) the deficiency of any defense that has been or could have been asserted in this Action, or (D) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees, or (ii) in any way referred to for any other reason against any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be:  (i) offered against any of the Plaintiff Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees (A) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or (B) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative

47

action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided*, *however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## <u>NOTICE AS REQUIRED BY CAFA</u>

38.      As set forth in the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, HD Supply shall timely serve a CAFA notice within ten calendar days of the filing of this Stipulation with the Court.   HD Supply shall be responsible for all costs and expenses related thereto.   In accordance with 28 U.S.C. § 1715(d), the Settlement Hearing shall not be held earlier than ninety (90) days after any such requisite notices are served.

## <u>MISCELLANEOUS PROVISIONS</u>

39.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.   Notwithstanding the foregoing, in the

event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned (but such amount is not promptly deposited into the Settlement Fund by others), then, at the election of Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶34.

41.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendant Releasees with

respect to the Released Plaintiffs' Claims.   Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Mr. Melnick, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

42.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.   Likewise, while retaining their right to assert their claims in the Action were meritorious, Plaintiffs

and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that Defendants' defenses were asserted in bad faith, nor will they deny that Defendants defended the Action in good faith and that the Action is being settled voluntarily after consultation with competent legal counsel. In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

43.    This Settlement is not conditioned upon the settlement, or the approval of settlement, of any other lawsuit, including, without limitation, any derivative suits or suits brought pursuant to ERISA concerning the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the Complaint.

44.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

45.    The headings herein are used for the purpose of convenience only and

are not meant to have legal effect.

46.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

47.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

49.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the

signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

51.    The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement shall be governed by the internal laws of the State of Georgia without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.    All counsel and any other person executing this Stipulation and any of

the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

If to Plaintiffs or Lead Counsel:        Saxena White P.A.
Attn: Lester R. Hooker
7777 Glades Rd., Suite 300
Boca Raton, FL 33434
Tel: 561-394-3399
Fax: 561-394-3382
Email: lhooker@saxenawhite.com


If to Defendants or Defendants' Counsel:    King & Spalding LLP
Attn: M. Robert Thornton
Benjamin Lee

1180 Peachtree Street, NE, 39th
Floor
Atlanta, GA 30309-3521
Tel: 404-572-4600
Fax: 404-572-5139
Email: bthornton@kslaw.com
blee@kslaw.com

57.    Except as otherwise provided herein, each Party shall bear its own costs. The Judgment or the Alternate Judgment, if applicable, shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party or Defendants' director and officer liability insurance carriers, except for the payments expressly provided for herein.

58.    Whether or not the Stipulation is approved by the Court and whether or not the Settlement is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

59.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in

this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of January 30, 2020.

SAXENA WHITE P.A.

By: _____

Maya Saxena
Joseph E. White, III
Lester R. Hooker
Kathryn W. Weidner
7777 Glades Rd., Suite 300
Boca Raton, FL 33434
Tel: 561-394-3399
Fax: 561-394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
kathryn@saxenawhite.com

 -and-

Steven B. Singer
Joshua H. Saltzman
Sara DiLeo
10 Bank Street, 8th Floor
White Plains, NY 10606

Tel: 914.437.8551
Fax: 888.631.3611
ssinger@saxenawhite.com
jsaltzman@saxenawhite.com
sdileo@saxenawhite.com

*Lead Counsel for Lead Plaintiffs and
the Proposed Settlement Class*

**LINDSEY & LACY, PC**

W. Thomas Lacy
Georgia Bar No. 431032
2002 Commerce Dr. N. Suite 300
Peachtree City, GA 30269
Telephone: (770) 486-8445
Facsimile: (770) 486-8889
tlacy@llptc.com

*Local Counsel for Lead Plaintiffs and
the Proposed Settlement Class*

**KING & SPALDING LLP**

By: _____
M. Robert Thornton
Georgia Bar No. 710475
Benjamin Lee
Georgia Bar No. 443082
Cheri A. Grosvenor
Georgia Bar No. 314360
James Matthew Brigman
Georgia Bar No. 254905
1180 Peachtree Street, NE, 39th Floor
Atlanta, GA 30309-3521
Tel: 404-572-4600
Fax: 404-572-5139
bthornton@kslaw.com
blee@kslaw.com
cgrosvenor@kslaw.com
mbrigman@kslaw.com

*Attorneys for HD Supply Holdings, Inc., Joseph J. DeAngelo and Evan J. Levitt*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

IN RE HD SUPPLY
HOLDINGS, INC. SECURITIES
LITIGATION

CONSOLIDATED CASE
NO. 1:17-CV-02587-ELR

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *In re HD Supply Holdings, Inc. Securities Litigation*, Case No. 1:17-cv-02587-ELR (the "Action");

WHEREAS, (a) Lead Plaintiffs City Pension Fund for Firefighters & Police Officers in the City of Miami Beach, Pembroke Pines Pension Fund for Firefighters and Police Officers, and Hollywood Police Officers' Retirement System (collectively, "Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants HD Supply Holdings, Inc., ("HD Supply" or the "Company"), Joseph J. DeAngelo and Evan J. Levitt (the "Individual Defendants" and, together with HD Supply, "Defendants"; and together with Plaintiffs, the "Parties") have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and conditions set forth in

the Stipulation and Agreement of Settlement, dated January 30, 2020 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized terms contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired HD Supply common stock during the period from November 9, 2016 through June 5, 2017, inclusive (the "Settlement Class Period"), and who were damaged thereby.

2

Excluded from the Settlement Class are (1) Defendants; (2) members of the Immediate Family of each Individual Defendant; (3) any person who was an Officer or director of HD Supply during the Settlement Class Period; (4) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (5) any person who participated in the wrongdoing alleged; (6) any affiliates, parents, or subsidiaries of HD Supply during the Settlement Class Period; and (7) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and

3

adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class. For the purposes of the Settlement only, the Court appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2020 ___:___ __. m. in the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA, 30303-3309, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the

Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; (e) to consider any objections to the Settlement; (f) to consider any requests for exclusion from the Settlement Class; and (g) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.    **Retention of Claims Administrator and Manner of Giving Notice**
Lead Counsel is hereby authorized to retain Epiq (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed

Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)    within ten (10) business days of the date of entry of this Order, HD Supply shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) shareholder lists (consisting of names and addresses) of the holders of HD Supply common stock during the Settlement Class Period reasonably available to HD Supply and its transfer agent, which information the Claims Administrator shall treat and maintain as confidential;

(b)    not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by HD Supply or in the records which HD Supply caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)    contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on

a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the PR Newswire; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to

the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired shares of HD Supply common stock during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail

the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.   **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported there in, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.    Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the

Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendant Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: HD Supply Securities Litigation, EXCLUSIONS, P.O. Box 3076, Portland, OR 97208-3076, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or  entity "requests exclusion from the

Settlement Class in *In re HD Supply Holdings, Inc. Securities Litigation,* Case No. 1:17-cv-02587-ELR"; (iii) state the number of shares of HD Supply common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the  Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the

provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendant Releasees, as more fully described in the Stipulation and Notice.

16.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of

13

attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Lester R. Hooker, Esq. | M. Robert Thornton |
| Saxena White P.A. | Benjamin Lee |
| 7777 Glades Rd., Suite 300 | King & Spalding |
| Boca Raton, FL 33434 | 1180 Peachtree St. NE |
| | Atlanta, GA 30309 |

18.    Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support

14

the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of HD Supply common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.    Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or

the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.   **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendant Releasees.

21.   **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.  Notwithstanding the foregoing, prior to the Effective Date, such Notice and Administration Costs paid shall not exceed $300,000 without further approval of the Court, and Defendants shall not oppose any reasonable request.

22.   **Settlement Fund** – The contents of the Settlement Fund held by IberiaBank (which the Court approves as the Escrow Agent), shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the

16

jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails  to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of October 31, 2019, as provided in the Stipulation.

25. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the

17

Court), the Supplemental Agreement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with  the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be (i) offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to (A) the truth of any fact alleged by Plaintiffs; (B) the validity of any claim that was or could have been asserted; (C) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (D) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees; or (ii) in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be (i) offered against any of the Plaintiff Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees (A) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that

18

damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (B) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2020.


_____
        The Honorable Eleanor L. Ross
        United States District Judge

# EXHIBIT A-1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| IN RE HD SUPPLY HOLDINGS, INC. SECURITIES LITIGATION | CONSOLIDATED CASE NO. 1:17-CV-02587-ELR |

### NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO: All persons or entities who purchased or otherwise acquired the publicly traded common stock of HD Supply Holdings, Inc. ("HD Supply" or the "Company") from November 9, 2016 through June 5, 2017 (the "Settlement Class Period"), and were damaged thereby.**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:**  This notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Georgia ("Court").  Please be advised that the Court-appointed Lead Plaintiffs City Pension Fund for Firefighters & Police Officers in the City of Miami Beach, Pembroke Pines Pension Fund for Firefighters and Police Officers, and Hollywood Police Officers' Retirement System (together, "Lead Plaintiffs"), on behalf of itself and the Court-certified Settlement Class (as defined in paragraph 52 below), have reached a proposed settlement of the above-captioned securities class action (the "Action") for $50,000,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

1

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact HD Supply, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (see paragraph 87 below).**

1.     <u>**Description of the Action and the Settlement Class**</u>:  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendant HD Supply, defendants Joseph J. DeAngelo ("DeAngelo") and Evan J. Levitt ("Levitt") (the "Individual Defendants" and, together with HD Supply, the "Defendants")[1] violated the federal securities laws by making false and misleading statements regarding the condition of the Company's supply chain and the status of its recovery from a severe disruption during the Settlement Class Period.  A more detailed description of the Action is set forth in paragraphs 11-23 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 52 below.

2.     <u>**Statement of the Settlement Class's Recovery:**</u>  Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $50,000,000.00 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes and Tax Expenses, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 53-70 below.

3.     <u>**Estimate of Average Amount of Recovery Per Share:**</u>  Based on Lead Plaintiffs' damages expert's estimates of the number of shares of HD Supply common stock purchased during the Settlement Class Period that may have been

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated January 30, 2020 (the "Stipulation") which is available at www.HDSupplySecuritiesLitigation.com.  The singular forms of nouns and pronouns include the plural and vice versa.

affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per alleged damaged share (hereinafter the "damaged shares") is approximately $0.75. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired and sold their HD Supply common stock shares, and the total number and recognized loss amount of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (see paragraphs 53-70 below) or such other plan of allocation as may be ordered by the Court.

4.   **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants deny each and all of the claims and contentions alleged by Lead Plaintiffs in the Action and do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by Lead Plaintiffs or any members of the Settlement Class as a result of their alleged conduct.

5.   **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent fee basis since its inception in July 2017, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel, Saxena White P.A., will apply to the Court for an award of attorneys' fees in an amount not to exceed thirty percent (30%) of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $475,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per damaged share of HD Supply

common stock, if the Court approves Lead Counsel's fee and expense application, is approximately $0.23 per damaged share.

6. **Identification of Attorneys' Representative:**   Lead Plaintiffs and the Settlement Class are represented by Lester R. Hooker, Esq. of Saxena White P.A., 7777 Glades Rd., Suite 300, Boca Raton, FL 33434, (561) 206-6708, lhooker@saxenawhite.com.

7. **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after further contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability or any violation of the law whatsoever, are entering into the Settlement solely to eliminate the uncertainty, distraction, time, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2020.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in paragraph 33 below) that you have against Defendants and the other Defendant Releasees (defined in paragraph 34 below), so it is in your interest to submit a Claim Form. |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendant Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2020, AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020** | Filing a written objection and notice of intention to appear by _____, 2020, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses.   If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS |
|:---:|

Why Did I Get This Notice?       Page __

What Is This Case About?       Page __

How Do I Know If I Am Affected By The Settlement?       Page __

    Who Is Included In The Settlement Class?       Page __

What Are Lead Plaintiffs' Reasons For The Settlement?       Page __

What Might Happen If There Were No Settlement?       Page __

How Are Settlement Class Members Affected By The Action
And The Settlement?       Page __

How Do I Participate In The Settlement?  What Do I Need To Do?    Page __

How Much Will My Payment Be?       Page __

What Payment Are The Attorneys For The Settlement Class Seeking?

  How Will The Lawyers Be Paid?       Page __

What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself?       Page __

When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?
    May I Speak At The Hearing If I  Don't Like The Settlement?    Page __

What If I Bought Shares On Someone Else's Behalf?       Page __

Can I See The Court File?
    Whom Should I Contact If I Have Questions?       Page __

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you, someone in your family, or an investment account for which you serve as a custodian may have purchased or otherwise acquired HD Supply common stock during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  See paragraph 77 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    On July 11, 2017, this Action was commenced in the United States District Court for the Northern District of Georgia, styled *City of Hollywood Police Officers' Retirement System. v. HD Supply Holdings, Inc., et al.*, Case No. 1:17-CV-02587-ELR, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

12. By Order dated October 19, 2017, the Court entered an Order re-captioning the action as *In re HD Supply Holdings, Inc. Securities Litigation*, appointing the Plaintiffs as Lead Plaintiffs, and appointing Saxena White P.A. as Lead Counsel for the proposed class and Lindsey & Lacy, PC as Local Counsel for the proposed class.

13. On November 16, 2017, Lead Plaintiffs filed their Consolidated Amended Class Action Complaint (the "Complaint"), on behalf of the Settlement Class. The Complaint alleges, among other things, that throughout the Settlement Class Period, that HD Supply and the Individual Defendants violated the Exchange Act by making false and misleading statements regarding the condition of the Company's supply chain and the status of its recovery from a severe disruption. The Complaint alleges that, as a result of these alleged misrepresentations and omissions, the price of HD Supply's common stock was artificially inflated during the Settlement Class Period.

14. On December 21, 2017, Defendants moved to dismiss the Complaint for failure to state a claim. Among other things, Defendants argued that Lead Plaintiffs failed to adequately plead: (i) the existence of any materially misleading statement or omission; (ii) a strong inference of scienter; and (iii) loss causation. On February 1, 2018, Lead Plaintiffs opposed Defendants' motion to dismiss. On February 22, 2018, Defendants filed their reply in further support of their motion to dismiss.

15. On September 19, 2018, the Court issued an Order granting in part and denying in part Defendants' motion to dismiss.

16. On November 5, 2018, Defendants filed their answer to the Complaint.

17. The Court entered a Scheduling Order on December 6, 2018, which set forth deadlines, *inter alia*, for Lead Plaintiffs' class certification motion, substantial completion of document production, completion of fact discovery, and motions for summary judgment.

18. From December 2018 through October 2019, counsel for Plaintiffs and Defendants engaged in extensive fact discovery. *Inter alia*, Plaintiffs served three separate sets of document requests on Defendants, and subpoenaed documents from six non-parties (including certain of HD Supply's supply chain consultants and logistics providers, and Defendant DeAngelo's stock brokerage and

investment manager).   Lead Plaintiffs reviewed more than 52,000 documents produced by Defendants and more than 6,000 documents produced by third parties, comprising a total of approximately 265,000 pages reviewed.   Lead Plaintiffs also produced more than 2,000 documents to Defendants.

19. On March 1, 2019, Plaintiffs filed and served their motion for class certification, together with the expert report of Dr. Michael Hartzmark opining on market efficiency.   On June 17, 2019, after deposing Plaintiffs' market efficiency expert as well as all three Lead Plaintiffs and their investment manager, Defendants filed their opposition to class certification, together with the expert report of Dr. David I. Tabak, Ph.D.   On June 21, 2019, Defendants separately filed a motion to exclude a portion of the opinion of Dr. Hartzmark.   On August 2, 2019, Plaintiffs filed their combined brief in further support of class certification and in opposition to Defendants' motion to exclude

20.   While Plaintiffs were actively pursuing fact discovery, the Parties agreed to participate in a private mediation.   The Parties selected Jed. D. Melnick, Esq. of JAMS to serve as mediator.   In advance of the mediation, the Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to liability, loss causation, and damages.   The Parties and Defendants' directors' and officers' liability insurance carriers (the "D&O Insurers") participated in a full-day, in-person mediation session at the JAMS Office in New York, N.Y. on September 10, 2019.   The session ended without an agreement to settle.   Following that mediation, however, the Parties agreed to a second mediation session, which took place on October 22, 2019, again submitting papers in support of their positions.   Following the second mediation, on November 1, 2019, the parties reached an agreement in principle to settle and release all claims asserted against the Defendants in the Action in return for a cash payment of $50,000,000 (that Defendants shall cause the D&O Insurers to fund) for the benefit of the Settlement Class, subject to certain terms and conditions, including the execution of a customary stipulation and Court approval.

21.   Based on their investigation, discovery, prosecution and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.   Based on Lead Plaintiffs' oversight of the prosecution of this matter and with the advice of its counsel, Lead Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after

considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of the Stipulation.

22.   The Stipulation and the Settlement constitute a compromise of matters that are in dispute among the Parties.   Defendants have entered into the Stipulation solely to eliminate the uncertainty, distraction, time, burden and expense of further protracted litigation.   Each of the Defendants denies any wrongdoing, and the Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.   Defendants expressly deny that Lead Plaintiffs has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.   The Stipulation and the Settlement also shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiffs of an infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

23.   On _____, 2020, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider, among other things, whether to grant final approval to the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?** **WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |
| --- |

24.   If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.   The Settlement Class means the class certified in the Court's order dated _____ and consists of:

> All persons and entities who purchased or otherwise acquired the publicly traded HD Supply common stock of HD Supply, Inc. from November 9, 2016 through June 5, 2017, and were damaged thereby.

10

Excluded from the Settlement Class are (1) Defendants; (2) members of the Immediate Family of each Individual Defendant; (3) any person who was an Officer or director of HD Supply during the Settlement Class Period; (4) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (5) any person who participated in the wrongdoing alleged; (6) any affiliates, parents, or subsidiaries of HD Supply during the Settlement Class Period; and (7) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. .  Also excluded from the Settlement Class are those persons or entities who or which file valid and timely requests for exclusion in accordance with the Preliminary Approval Order.  See "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" on page [__] below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2020.**

| WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
| --- |

25.  Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Lead Plaintiffs and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery.  For example, among other things, Defendants would assert that the statements were not materially false and misleading, and that even if they were, they were not made with the requisite state of mind to support the securities fraud claim alleged.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would

be hotly contested.  Lead Plaintiffs would have to prevail at several stages – including, without limitation, motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

26.  In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $50,000,000.00 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after summary judgment, trial and appeals, possibly years in the future.

27.  Defendants have denied each and all the claims and contentions asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, as noted above, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28.  If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

29.  As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section

12

entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

30. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" below.

31. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

32.  If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against the Defendant Releasees (as defined in paragraph 34 below) and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in paragraph 33 below) against the Defendants and the other Defendant Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees.

33.  "Released Plaintiffs' Claims"  means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, statutory, common, or foreign law, or any other rule or regulation, that Plaintiffs or any other member of the Settlement Class:  (i) asserted in the Action; or (ii)  could have asserted in any forum, that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (A) the allegations, transactions, facts, matters or occurrences, events, disclosures, representations, statements, omissions, acts or alleged failures to act that were involved, set forth,

or referred to in the Action or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment and that arise out of or relate to the purchase, sale, acquisition, or retention of HD Supply common stock during the Settlement Class Period; or (B) Defendants' and/or their attorneys' defense or settlement of the Action and/or the claims alleged therein. Released Plaintiffs' Claims do not include:  (i) any claims relating to the enforcement of the Settlement, (ii) any claims asserted in the consolidated shareholder derivative action filed in the United States District Court for the Northern District of Georgia, entitled *In re HD Supply Holdings, Inc. Derivative Litigation*, Case No. 1:17-cv-02977-MLB (N.D. Ga.), including any cases consolidated with or into that shareholder derivative action; (iii) any claims asserted in the shareholder derivative action filed in the Delaware Court of Chancery entitled *Hendren v. HD Supply Holdings, Inc*., C.A. No. 2018-0643-AGB (Del. Ch.); (iv) any putative derivative claims asserted in the stockholder litigation demand pursuant to Del. Ch. Ct. Rule 23.1 *et seq* set forth in the December 4, 2018 letter from Michael C. Hilton, M.D. to HD Supply's Board of Directors and/or the October 16, 2018 letter from Kevin Ortenzio to HD Supply's Board of Directors; or (v) any claims of any person or entity who or which submitted a request for exclusion from the Settlement Class that was accepted by the Court.

34.  "Defendant Releasees" means Defendants and their respective current, former, and future parents, affiliates, subsidiaries, and divisions and their respective present and former employees, members, principals, Officers, directors, controlling shareholders, partnerships, partners, trustees, trusts, attorneys, advisors, accountants, auditors, and insurers (including the Defendants' director and officer liability insurance carriers) and reinsurers of each of them; and the successors, predecessors, estates, Immediate Family, heirs, executors, assigns, assignees, administrators, agents, and legal or personal representatives of each of them, in their capacities as such.

35.  "Unknown Claims" means any Released Plaintiffs' Claims that any Plaintiff or any other Settlement Class Member or Plaintiff Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims and any Released Defendants' Claims that any Defendant or any other Defendant Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all

14

Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now know or believe to be true with respect to the subject matter of the Released Claims, but the Parties hereby expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

36. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

37. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in paragraph 38 below) against any of the Plaintiff

Releasees (as defined in paragraph 39 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees.

38.  "Released Defendants' Claims" means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, statutory, common, or foreign law, or any other rule or regulation, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include:  (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

39.  "Plaintiff Releasees" means Plaintiffs, their respective attorneys, and all other Settlement Class Members, and their respective current and former Officers, directors, insurers, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

40.  The Judgment will also provide that, upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiffs' Claim, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

41.  The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendant Releasees, without costs to any Party or the D&O Insurers, except for the payments expressly provided for in the Stipulation.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

42.  To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation postmarked no later than _____, 2020.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.HDSupplySecuritiesLitigation.com, or you may request that

a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-935-1377.  Please retain all records of your ownership of and transactions in HD Supply common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

43.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

44. Pursuant to the Settlement, Defendants have agreed to cause the D&O Insurers to pay fifty million dollars ($50,000,000.00) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any and all interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes and Tax Expenses, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

45.  The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

46.  No Defendant Releasee or any person or entity that paid any portion of the Settlement Amount on Defendants' behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.  In no instance shall any Defendant Releasee be required to pay any amount other than as expressly provided for in the Stipulation.

47.  Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

48.  Unless the Court otherwise orders, any Settlement Class Member who fails

to submit a Claim Form postmarked on or before _____, 2020, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in paragraph 33 above) against the Defendant Releasees (as defined in paragraph 34 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendant Releasees whether or not such Settlement Class Member submits a Claim Form.

49.  Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in HD Supply common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.

50.  The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

51.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

52.  Only Settlement Class Members, i.e., persons and entities who purchased or otherwise acquired HD Supply common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions, will be potentially eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security that is included in the Settlement is HD Supply common stock.

## PROPOSED PLAN OF ALLOCATION

53.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to

recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

54.    In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the per share closing price of HD Supply common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions.

55.    In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in HD Supply common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.  In addition, Lead Plaintiffs' damages expert took into consideration that certain significant new information concerning HD Supply that was unrelated to Lead Plaintiffs' allegations was revealed on the alleged disclosure dates, and that this information likely contributed to HD Supply's stock price declines on those dates.  The estimated artificial inflation in HD Supply common stock is stated in Tables A-1 and A-2 of this Notice.

56.    In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of HD Supply common stock.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period between November 9, 2016 and June 5, 2017, inclusive, which had the effect of artificially inflating the price of HD Supply common stock.  Lead Plaintiffs further allege that corrective information was released to the market on: March 14, 2014 (before market open) and June 6, 2017 (before market open), which partially removed the artificial inflation from the price of HD Supply common stock on March 14, 2017 and June 6-7, 2017.[2]

---

[2] With respect to the partial corrective disclosure that occurred on June 6, 2017, the alleged artificial inflation was removed from the price of HD Supply common stock over the following days: Tuesday June 6, 2017 and Wednesday, June 7, 2017.

19

57.    Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of HD Supply common stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase price and sale price.   Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired HD Supply common stock prior to the first corrective disclosure, which occurred before the open of financial markets on March 14, 2017, must have held his, her, or its shares of HD Supply common stock through at least the open of trading on March 14, 2017. A Settlement Class Member who purchased or otherwise acquired publicly-traded HD Supply common stock on March 14, 2017 through and including the close of trading on June 5, 2017, must have held those shares through at least the open of trading on June 6, 2017.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

58.    Based on the formula stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of HD Supply common stock that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

59.    For each share of HD Supply common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, during the period from November 9, 2016 through and including the close of trading on June 5, 2017), and:

(i)    Sold before March 14, 2017, the Recognized Loss Amount will be $0.00.

(ii)    Sold from March 14, 2017 through and including the close of trading on June 5, 2017, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1 below minus the amount of artificial inflation per share on the date of sale as stated in Table A-2 below; (ii) the purchase/acquisition price minus the sale price.

(iii)    Sold from June 6, 2017 through and including the close of trading on September 1, 2017, the Recognized Loss Amount will be *the least of:* (i) the amount of artificial inflation per

20

share on the date of purchase /acquisition as stated in Table A-1 minus the amount of artificial inflation per share on the date of sale as stated in Table A-2; (ii) the purchase/acquisition price minus the average closing price between June 6, 2017 and the date of sale as stated in Table B below; or (iii) the purchase/acquisition price minus the sale price.

(iv)  Held as of the close of trading on September 1, 2017, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1 below; or (ii) the purchase/acquisition price minus $31.42.[3]

## ADDITIONAL PROVISIONS

60.  **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to HD Supply common stock.

61.  **FIFO Matching:**  If a Settlement Class Member made more than one purchase/acquisition or sale of HD Supply common stock during the Settlement Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

---

[3] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of HD Supply common stock during the "90-day look-back period," June 6, 2017 through and including September 1, 2017.  The mean (average) closing price for HD Supply common stock during this 90-day look-back period was $31.42.

62.   **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of HD Supply common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of HD Supply common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of HD Supply common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of HD Supply common stock unless (i) the donor or decedent purchased or otherwise acquired or sold HD Supply common stock during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of HD Supply common stock.

63.   **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the HD Supply common stock.  The date of a "short sale" is deemed to be the date of sale of the HD Supply common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

64.   In the event that a Claimant has an opening short position in HD Supply common stock, the earliest purchases or acquisitions of HD Supply common stock during the Settlement Class Period will be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

65.   **Common Stock Purchased/Sold Through the Exercise of Options:**  With respect to HD Supply common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

66.   **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

67.   If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

68.   After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

69.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Lead Plaintiffs' consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

70.   The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding

any modification of the Plan of Allocation will be posted on the case website, www.HDSupplySecuritiesLitigation.com.

**Table A-1**

**Estimated Artificial Inflation
with Respect to Purchases/Acquisitions of HD Supply
Common Stock November 9, 2016 through and including
June 5, 2017**

| Date Range | Artificial Inflation Per Share |
|---|---|
| November 9, 2016 - March 13, 2017 | $5.19 |
| March 14, 2017 - June 5, 2017 | $3.81 |
| After June 5, 2017 | $0.00 |

**Table A-2
Estimated Artificial Inflation
with Respect to Sales of HD Supply Common Stock
November 9, 2016 through and including June 6, 2017**

| Date Range | Artificial Inflation Per Share |
|---|---|
| November 9, 2016 - March 13, 2017 | $5.19 |
| March 14, 2017 - June 5, 2017 | $3.81 |
| June 6, 2017 | $0.60 |
| After June 6, 2017 | $0.00 |

24

## TABLE B

| 90-Day Look-back Table for HD Supply Common Stock Closing Price and Average Closing Price June 6, 2017 through September 1, 2017 | | | | | |
|---|---|---|---|---|---|
| **Date** | **Closing Price** | **Average Closing Price Between June 6, 2017 and Date Shown** | **Date** | **Closing Price** | **Average Closing Price Between June 6, 2017 and Date Shown** |
| 6/6/2017 | $34.03 | $34.03 | 7/21/2017 | $31.70 | $31.31 |
| 6/7/2017 | $32.81 | $33.42 | 7/24/2017 | $32.11 | $31.33 |
| 6/8/2017 | $32.02 | $32.95 | 7/25/2017 | $32.13 | $31.35 |
| 6/9/2017 | $31.51 | $32.59 | 7/26/2017 | $32.18 | $31.38 |
| 6/12/2017 | $31.41 | $32.36 | 7/27/2017 | $32.41 | $31.40 |
| 6/13/2017 | $31.34 | $32.19 | 7/28/2017 | $32.35 | $31.43 |
| 6/14/2017 | $32.51 | $32.23 | 7/31/2017 | $32.49 | $31.46 |
| 6/15/2017 | $32.04 | $32.21 | 8/1/2017 | $32.04 | $31.47 |
| 6/16/2017 | $31.72 | $32.15 | 8/2/2017 | $31.48 | $31.47 |
| 6/19/2017 | $32.38 | $32.18 | 8/3/2017 | $31.60 | $31.47 |
| 6/20/2017 | $32.08 | $32.17 | 8/4/2017 | $31.59 | $31.48 |
| 6/21/2017 | $32.19 | $32.17 | 8/7/2017 | $31.81 | $31.48 |
| 6/22/2017 | $31.92 | $32.15 | 8/8/2017 | $31.31 | $31.48 |
| 6/23/2017 | $31.20 | $32.08 | 8/9/2017 | $30.89 | $31.47 |
| 6/26/2017 | $31.30 | $32.03 | 8/10/2017 | $30.06 | $31.44 |
| 6/27/2017 | $30.99 | $31.97 | 8/11/2017 | $30.76 | $31.42 |
| 6/28/2017 | $30.62 | $31.89 | 8/14/2017 | $31.59 | $31.43 |
| 6/29/2017 | $30.56 | $31.81 | 8/15/2017 | $31.01 | $31.42 |
| 6/30/2017 | $30.63 | $31.75 | 8/16/2017 | $30.56 | $31.40 |
| 7/3/2017 | $31.15 | $31.72 | 8/17/2017 | $30.32 | $31.38 |
| 7/5/2017 | $30.88 | $31.68 | 8/18/2017 | $30.39 | $31.36 |
| 7/6/2017 | $30.35 | $31.62 | 8/21/2017 | $30.11 | $31.34 |
| 7/7/2017 | $30.42 | $31.57 | 8/22/2017 | $31.07 | $31.33 |
| 7/10/2017 | $30.49 | $31.52 | 8/23/2017 | $30.78 | $31.32 |

| 7/11/2017 | $29.82 | $31.45 | | 8/24/2017 | $31.08 | $31.32 |
| 7/12/2017 | $29.46 | $31.38 | | 8/25/2017 | $31.52 | $31.32 |
| 7/13/2017 | $30.21 | $31.33 | | 8/28/2017 | $31.49 | $31.33 |
| 7/14/2017 | $30.70 | $31.31 | | 8/29/2017 | $32.15 | $31.34 |
| 7/17/2017 | $30.24 | $31.28 | | 8/30/2017 | $32.75 | $31.36 |
| 7/18/2017 | $31.27 | $31.28 | | 8/31/2017 | $33.30 | $31.39 |
| 7/19/2017 | $31.26 | $31.27 | | | | |
| 7/20/2017 | $31.91 | $31.29 | | 9/1/2017 | $33.02 | $31.42 |

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
## HOW WILL THE LAWYERS BE PAID?

71. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed thirty percent (30%) of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $475,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
## HOW DO I EXCLUDE MYSELF?

72. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to HD Supply Securities Litigation, EXCLUSIONS, P.O. Box 3076, Portland, OR 97208-3076. The exclusion request must be received no later than

_____, 2020.   You will not be able to exclude yourself from the Settlement Class after that date.   Each request for exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re HD Supply Holdings, Inc. Securities Litigation*, Case No. 1:17-CV-02587-ELR (N.D. Ga.)"; (c) state the number of HD Supply common stock shares that the person or entity requesting exclusion purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period; and (d) be signed by the person or entity requesting exclusion or an authorized representative.   A request for exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

73.  If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendant Releasees.

74.  If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

75.  HD Supply has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and HD Supply, as set forth in a confidential Supplemental Agreement.

| WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT? |
|---|

76.  Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.   You can participate in the Settlement without attending the Settlement Hearing.

77.  The Settlement Hearing will be held on _____, 2020 at __:__ _.m., before the Honorable Eleanor L. Ross at the United States District Court for the

Northern District of Georgia, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303-3309.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation and without further notice to the members of the Settlement Class.

78.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of Georgia at the address set forth below on or before _____, 2020.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are received on or before _____, 2020.

| Clerk's Office | Lead Counsel | Defendants' Counsel |
|---|---|---|
| United States Courthouse Richard B. Russell Federal Building 2211 United States Courthouse 75 Ted Turner Drive, SW Atlanta, GA 30303-3309 | Saxena White P.A. Lester R. Hooker, Esq. 7777 Glades Rd., Suite 300 Boca Raton, FL 33434 | King & Spalding LLP M. Robert Thornton, Esq. Benjamin Lee, Esq. 1180 Peachtree St. NE Suite 1600 Atlanta, GA 30309 |

79.   Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of HD Supply common stock that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period.

You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

80.   You may file a written objection without having to appear at the Settlement Hearing.   You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

81.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is received on or before _____, 2020.   Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.   Such persons may be heard orally at the discretion of the Court.

82.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.   However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 78 above so that the notice is received on or before _____, 2020.

83.   The Court may adjourn the Settlement Hearing or any adjournment thereof without further written notice of any kind to the Settlement Class.   Settlement Class Members should check the settlement website at www.HD SupplySecuritiesLitigation.com, the Court's PACER site (defined in Paragraph 86 below) or contact Lead Counsel at the address in Paragraph 86 below.

84.   Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.

Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

85.   If you purchased or otherwise acquired HD Supply common stock during the Settlement Class Period for the beneficial interest of persons or organizations other than yourself, you must either (a) within ten (10) business days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners, and within ten (10) business days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within ten (10) business days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to HD Supply Securities Litigation, P.O. Box 3076, Portland, OR 97208-3076.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may obtain reimbursement of their reasonable expenses incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.HDSupplySecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-833-935-1377.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

86.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which are available by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.gand.uscourts.gov/, or by visiting the Office of the Clerk, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303-3309, which may be inspected during regular office hours.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.HD SupplySecuritiesLitigation.com.

Inquiries, other than requests for the Notice and Claim Form, should be made directed to:

SAXENA WHITE P.A.
Lester R. Hooker, Esq.
7777Glades Rd., Suite 300
Boca Raton, FL 33434
(561) 206-6708
lhooker@saxenawhite.com

and/or

HD Supply Securities Litigation
P.O. Box 3076
Portland, OR 97208-3076
833-935-1377
www.HDSupplySecuritiesLitigation.com
info@HDSupplySecuritiesLitigation.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2020

By Order of the Court
United States District Court
Northern District of Georgia

# EXHIBIT A-2

HD Supply Securities Litigation
Claims Administrator
PO Box 3076
Portland OR 97208-3076

Toll Free Number:          833-935-1377
Website:  www.HDSupplySecuritiesLitigation.com
Email:     info@HDSupplySecuritiesLitigation.com

Objection/Exclusion Deadline:      XX/XX/20
Settlement Fairness Hearing:        XX/XX/20
Deadline to File a Claim:            XX/XX/20

<<Mail ID>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>
<<Foreign Country>>

## PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, **POSTMARKED NO LATER THAN _____, 2020.**

FAILURE TO SUBMIT YOUR PROOF OF CLAIM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR PROOF OF CLAIM TO THE COURT, THE PARTIES TO THIS LITIGATION, OR THEIR COUNSEL. SUBMIT YOUR PROOF OF CLAIM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

<u>**TABLE OF CONTENTS**</u>                                                              <u>**PAGE #**</u>

**PART I – CLAIMANT IDENTIFICATION** ............................................................................. **2**
**PART II – SCHEDULE OF TRANSACTIONS IN HD SUPPLY COMMON STOCK** …................................. **3**
**PART III – RELEASE AND CERTIFICATION** ................................................................. **4-5**
**PROOF OF CLAIM INSTRUCTIONS** ..................................................................... **6**

1

Before completing this form, please read the detailed instructions on page 6.  When filling out this form, type or print in the boxes below in CAPITAL LETTERS; do not use red ink, pencils or staples

## PART I:        <u>CLAIMANT IDENTIFICATION</u>

Beneficial Owner's First Name                              Beneficial Owner's Last Name

Co-Beneficial Owner's First Name                          Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Account Number (if filing for multiple accounts, file a separate Proof of Claim for each account)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                                                    State    Zip Code

Foreign Country (only if not USA)

Last 4 digits of Social Security Number          Last 4 digits of Taxpayer Identification Number
                                            **OR**

Telephone Number (home)                          Telephone Number (work)

Email address

Claimant Account Type (check appropriate box):

- ☐  Individual (includes joint owner accounts)   ☐  Pension Plan       ☐  Trust
- ☐  Corporation                                  ☐  Estate
- ☐  IRA/401K                                     ☐  Other _____ (please specify)

2

**PART II:**          **SCHEDULE OF TRANSACTIONS IN HD SUPPLY COMMON STOCK**

A.      Number of shares of HD Supply common stock held at the close of trading on November 8, 2016:

| | | | | | |
|---|---|---|---|---|---|

B.      Purchases or other acquisitions of HD Supply common stock from November 9, 2016  through June 5, 2017, inclusive
*(must be documented)*:

| Trade Date (list chronologically) (MMDDYY) | Number of Shares Purchased or Acquired | Purchase Price per Share | Total Purchase Price* | Transaction Type (P/R)** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*Excluding taxes, fees and commissions
** P=Purchase, R=Receipt (transfer in)

C.      Purchases from June 6, 2017 through September 1, 2017. State the total number of HD Supply common stock shares purchased after the opening of trading on June 6, 2017 through and including the close of trading on September 1, 2017. (Must be documented.) If none, write "zero" or "0".[1]

| | | | | | |
|---|---|---|---|---|---|

D.      Sales of HD Supply common stock from November 9, 2016  through September 1, 2017, inclusive:

| Trade Date (list chronologically) (MMDDYY) | Number of Shares Sold or Delivered | Sale Price per Share | Total Sale Price* | Transaction Type (S/D)** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*Excluding taxes, fees and commissions
** S=Sale, D=Delivery (transfer out)

E.      Number of shares of HD Supply common stock held at the close of trading on September 1, 2017 (if none, enter "0"; if other than zero, must be documented):

| | | | | | |
|---|---|---|---|---|---|

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THE APPROPRIATE PAGE(S), WRITE YOUR NAME ON THE COPY AND CHECK THIS BOX:** ☐

---

[1] Please note: Information requested with respect to your purchases of HD Supply common stock from after the close of trading on June 5, 2017 through and including the close of trading on September 1, 2017, (Section C.) is needed in order to balance your claim. Purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

**PART III:**       <u>RELEASE AND CERTIFICATION</u>

SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice and the Order Preliminarily Approving Proposed Settlement and Providing for Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Georgia, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (We are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of HD Supply common stock during the Settlement Class Period and know of no other person having done so on my (our) behalf.

RELEASES

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, and discharge any and all Released Plaintiffs' Claims, which are defined as all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, statutory, common, or foreign law, or any other rule or regulation, that Plaintiffs or any other member of the Settlement Class:  (i) asserted in the Action; or (ii)  could have asserted in any forum, that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (A) the allegations, transactions, facts, matters or occurrences, events, disclosures, representations, statements, omissions, acts or alleged failures to act that were involved, set forth, or referred to in the Action or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment and that arise out of or relate to the purchase, sale, acquisition, or retention of HD Supply common stock during the Class Period; or (B) Defendants' and/or their attorneys' defense or settlement of the Action and/or the claims alleged therein. Released Plaintiffs' Claims do not include:  (i) any claims relating to the enforcement of the Settlement, (ii) any claims asserted in the consolidated shareholder derivative action filed in the United States District Court for the Northern District of Georgia, entitled *In re HD Supply Holdings, Inc. Derivative Litigation*, Case No. 1:17-cv-02977-MLB (N.D. Ga.), including any cases consolidated with or into that shareholder derivative action; (iii) any claims asserted in the shareholder derivative action filed in the Delaware Court of Chancery entitled *Hendren v. HD Supply Holdings, Inc.*, C.A. No. 2018-0643-AGB (Del. Ch.); (iv) any putative derivative claims asserted in the stockholder litigation demands pursuant to Del. Ch. Ct. Rule 23.1 *et seq* set forth in the December 4, 2018 letter from Michael C. Hilton, M.D. to HD Supply's Board of Directors and/or the October 16, 2018 letter from Kevin Ortenzio to HD Supply's Board of Directors; or (v) any claims of any person or entity who or which submitted a request for exclusion from the Settlement Class that was accepted by the Court.

"Defendant Releasees" means Defendants and their respective current, former, and future parents, affiliates, subsidiaries, and divisions and their respective present and former employees, members, principals, Officers, directors, controlling shareholders, partnerships, partners, trustees, trusts, attorneys, advisors, accountants, auditors, and insurers (including the Defendants' director and officer liability insurance carriers) and reinsurers of each of them; and the successors, predecessors, estates, Immediate Family, heirs, executors, assigns, assignees, administrators, agents, and legal or personal representatives of each of them, in their capacities as such.

"Unknown Claims" means any Released Plaintiffs' Claims that any Plaintiff or any other Settlement Class Member or Plaintiff Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims and any Released Defendants' Claims that any Defendant or any other Defendant Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now know or believe to be true with respect to the subject matter of the Released Claims, but the Parties

4

hereby expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

2. The releases herein shall be of no force or effect unless and until the Court approves the Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

3. I (We) hereby warrant and represent that I (We) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4. I (We) hereby warrant and represent that I (We) have included information about all of my (our) transactions in HD Supply common stock which occurred during the Settlement Class Period.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, in _____,
                                         (Month / Year)              (City)
_____.
(State / Country)

_____
Signature of Claimant

_____        Date: [  ][  ] – [  ][  ] – [  ][  ]
Print Name of Claimant                         M  M    D  D    Y  Y

_____
Signature of Joint Claimant, if any

_____        Date: [  ][  ] – [  ][  ] – [  ][  ]
Print Name of Joint Claimant               M  M    D  D    Y  Y

# PROOF OF CLAIM INSTRUCTIONS

A. This Proof of Claim has been sent to you because you may be a member of the Settlement Class in this matter. To participate, you must complete and sign this Proof of Claim and provide supporting documents for any eligible transactions you claim. If you fail to file a properly addressed Proof of Claim and supporting documents, your claim may be rejected, and you may be determined to be ineligible for any payment from the Net Settlement Fund.

B. Submission of this Proof of Claim does not assure that you will share in the proceeds of the Net Settlement Fund created in this Action.

C. YOU MUST COMPLETE AND SUBMIT YOUR PROOF OF CLAIM BY MAIL POSTMARKED ON OR BEFORE ____, 2020, ADDRESSED TO THE CLAIMS ADMINISTRATOR AS LISTED BELOW.

D. If you are NOT a member of the Settlement Class, as defined in the Notice of (I) Proposed Settlement and Plan of Allocation ("Notice"), DO NOT submit a Proof of Claim.

E. If you are a member of the Settlement Class and you do not timely request to be excluded from the Settlement Class, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

F. Use the section of this form entitled "Claimant Information" to identify each owner of record. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S), OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S) OF SHARES UPON WHICH THIS CLAIM IS BASED.

G. Use the section of this form entitled "Schedule of Transactions" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

H. Complete a separate claim form for each account in which you qualify.

I. Provide all of the requested information with respect to the HD Supply common stock that you acquired at any time on or between September 9, 2016 and September 1, 2017, inclusive, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

J. List each transaction in the Settlement Class Period in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

K. Documentation of your transactions in HD Supply common stock must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

L. The above requests are designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.

***Proof of Claim forms must be postmarked no later than ___, 20__ and mailed to HD Supply Securities Litigation, Claims Administrator, PO Box 3076, Portland, OR 97208-3076.***

ATTENTION NOMINEES AND BROKERAGE FIRMS: If you are filing claim(s) electronically on behalf of beneficial owners, detailed instructions are available on the Settlement website at www.HDSupplySecuritiesLitigation.com along with the formatted electronic filing template. You may also send an email to info@HDSupplySecuritiesLitigation.com requesting this information.

---

Reminder Checklist
1. Sign the Certification section of the Proof of Claim on page 5.
2. Remember to attach supporting documentation.
3. Do not send original documents.
4. Keep a copy of your Proof of Claim and all documents submitted for your records.
5. If you desire an acknowledgment of receipt of your Proof of Claim form, send your Proof of Claim by Certified Mail, Return Receipt Requested.
6. If you move, please send the Claims Administrator your new address.

ACCURATE CLAIMS PROCESSING CAN TAKE A SIGNIFICANT
AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

# EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

|  |  |
|---|---|
| IN RE HD SUPPLY HOLDINGS, INC. SECURITIES LITIGATION | CONSOLIDATED CASE NO. 1:17-CV-02587-ELR |

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons or entities who purchased or otherwise acquired the publicly traded common stock of HD Supply Holdings, Inc. ("HD Supply" or the "Company") from November 9, 2016 through June 5, 2017 (the "Settlement Class Period"), and were damaged thereby.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Georgia, that the above-captioned litigation (the "Action") has been certified as a class action for settlement purposes only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice Of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Fairness Hearing; And (III) Motion For An Award Of Attorneys' Fees And Reimbursement Of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $50,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2020 at __:__ _.m., before the Honorable Eleanor L. Ross at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303-3309, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation And Agreement Of Settlement (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re HD Supply Holdings, Inc. Securities Litigation*, P.O. Box 3076, Portland, OR 97208-3076, (833)-935-1377.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.HDSupplySecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to potentially be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2020.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2020, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, must be filed with the Court and delivered to representatives of Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2020, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, HD Supply, or its counsel regarding this notice.   All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

SAXENA WHITE P.A.
Lester R. Hooker, Esq.
7777 Glades Rd., Suite 300
Boca Raton, FL 33434
(561) 206-6708
lhooker@saxenawhite.com

Requests for the Notice and Claim Form should be made to:

*In re HD Supply Holdings, Inc. Securities Litigation*
P.O. Box 3076
Portland, OR 97208-3076
(833)-935-1377
www.HDSupplySecuritiesLitigation.com
info@hdsupplysecuritieslitigation.com

By Order of the Court

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

<table>
<tr>
<td>

IN RE HD SUPPLY
HOLDINGS, INC. SECURITIES
LITIGATION

</td>
<td>

CONSOLIDATED CASE
NO. 1:17-CV-02587-ELR

</td>
</tr>
</table>

## [PROPOSED] ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *In re HD Supply Holdings, Inc. Securities Litigation*, Case No. 1:17-cv-02587-ELR (the "Action");

WHEREAS, (a) Lead Plaintiffs City Pension Fund for Firefighters & Police Officers in the City of Miami Beach, Pembroke Pines Pension Fund for Firefighters and Police Officers, and Hollywood Police Officers' Retirement System (collectively, "Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Settlement Class, and (b) defendants HD Supply Holdings, Inc., ("HD Supply" or the "Company"), Joseph J. DeAngelo and Evan J. Levitt (the "Individual Defendants" and, together with HD Supply, "Defendants"; and together with Plaintiffs, the "Parties") have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and conditions set forth in

the Stipulation and Agreement of Settlement, dated January 30, 2020 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, by Order dated _____, 2020, (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2020 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants;

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement [including objections thereto], and the record in the Action, and good cause appearing therefor; and

WHEREAS, unless otherwise defined herein, all capitalized terms contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **<u>Jurisdiction</u>** – The Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members;

2. **<u>Incorporation of Settlement Documents</u>** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on _____, 2020; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2020.

3. **<u>Class Certification for Settlement Purposes</u>** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to

Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired HD Supply common stock during the period from November 9, 2016 through June 5, 2017, inclusive, and who were damaged thereby.   Excluded from the Settlement Class are (1) Defendants; (2) members of the Immediate Family of each Individual Defendant; (3) any person who was an Officer or director of HD Supply during the Settlement Class Period; (4) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (5) any person who participated in the wrongdoing alleged; (6) any affiliates, parents, or subsidiaries of HD Supply during the Settlement Class Period;  and  (7)  the  legal  representatives,  agents,  affiliates,  heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such.   [*Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request*.]

4. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with  the  Preliminary  Approval  Order;  (b)  constituted  the  best  notice

practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, as amended, and all other applicable law and rules.

5. [*In the event any objections are filed.*] [**Objections** – The Court has considered each of the objections to the Settlement submitted in the Action pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court

finds and concludes that each of the objections is without merit, and they are hereby overruled.]

6. **Compliance with CAFA** – Defendants have filed a Declaration Regarding Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Defendants timely mailed notice of the Stipulation pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of all states in which members of the Settlement Class reside. The notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

7. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that (a) Lead Plaintiffs and

Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [*The persons and entities listed on Exhibit 1 hereto are excluded from the*

7

*Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment*.]

10. **<u>Releases</u>** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, (i) shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendant Releasees; (ii) shall be deemed to have, and by operation of law and of this Judgment shall have, covenanted not to commence, institute, maintain, or prosecute any

or all of the Released Plaintiffs' Claims against any of the Defendants or the other Defendant Releasees; and (iii) shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees.

(b) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiff Releasees, and shall have covenanted not to and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees. [*This Release shall not apply to any person or entity listed on Exhibit 1 hereto.*]

11. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

> (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been

asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than

such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

(d) provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14. **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation; this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other

Settlement Class Members, and Defendants; the Settlement Fund, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, subject to appropriate adjustment in the event any tax refund is obtained pursuant to the Stipulation, shall be refunded by the Escrow Agent to HD Supply (or such other persons or entities that Defendants' Counsel may direct in writing) as provided by the Stipulation; and the Parties shall revert to their respective positions in the Action as of October 31, 2019, as provided in the Stipulation.

18. **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2020.


_____
      The Honorable Eleanor L. Ross
      United States District Judge

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**